UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Joseph Johnson,                                                                              Civil No. 05-159 RHK/AJB

                    Plaintiff,

v.                                                                                                      **REPORT AND RECOMMENDATION**
                                                                                  **ON DEFENDANT STEINKAMP'S**
Special Agent Josh Florell, et al.,                                                **MOTION TO DISMISS**

                    Defendants.

---

       This matter is before the Court, Magistrate Judge Arthur J. Boylan, on motion by federal defendant David Steinkamp for dismissal or, alternatively, summary judgment. [Docket No. 35]. Plaintiff has responded by filing a motion in opposition to plaintiff's motion to dismiss [Docket No. 43], along with a memorandum on opposition to the defendant's motion. Plaintiff has filed a second amended civil complaint for violations of civil rights pursuant to 43 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u> 403 U.S. 388 (1971). The second amended complaint alleges actions against various law enforcement officers and agents for excessive force damages and other claims arising out of a traffic stop and vehicle search. Defendant Steinkamp is an Assistant United States Attorney who was involved in the vehicle search as an off-scene consultant. The second amended complaint expressly cites actions taken by Steinkamp in an individual capacity and contains no official capacity claims against him.[1] The case has been referred to the undersigned United States

---

[1] The pleading clearly recognizes and displays plaintiff's knowledge of the existence of a distinction between individual capacity and official capacity claims in discussion of actions by other defendants in this case. Official capacity claims in this action would undoubtedly be barred by the doctrine of sovereign immunity since there has been no waiver of the immunity. <u>Hagemeier v. Block</u>,

Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Plaintiff is pro se. Defendant Steinkamp is represented by Patricia R. Cangemi, Assistant United States Attorney.

Based upon its review of the all the files and records, and in consideration of the memorandums, affidavits and exhibits submitted by the parties, **IT IS HEREBY RECOMMENDED** that the motion to dismiss by defendant Steinkamp be **granted** [Docket No. 35], that defendant's alternative motion for summary judgment be **denied as moot**, and that claims against defendant Steinkamp be **dismissed** with prejudice. It is **FURTHER RECOMMENDED** that plaintiff's Motion in Opposition to Defendant U.S. Assistant Attorney David Steinkamp's Motion to Dismiss, Alternatively for Summary Judgment be **denied** [Docket No. 43].

Dated:     November 8, 2005

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

### Background, Claims, and Defenses

Plaintiff Joseph Johnson was stopped pursuant to a traffic stop on June 9, 1999. Law enforcement officers had previously received information from a confidential informant regarding

---

806 F.2d 197, 202-03 (8th Cir. 1986). Furthermore, defendant Steinkamp did not prosecute the criminal action and does not assert absolute or prosecutorial immunity.

plaintiff's involvement in drug sales and deliveries, and police surveillance on the plaintiff and his vehicle was being conducted prior to the stop. Upon making the stop officers requested plaintiff's permission to search the vehicle, but he declined to consent to a search. Thereafter, officers contacted Assistant United States Attorney Steinkamp to discuss the circumstances and to obtain legal advice regarding the legality of a vehicle search. Following conversations with Steinkamp,[2] officers determined that the vehicle could be lawfully searched, expressly basing the legality of the search on <u>Carroll v. United States</u>, 45 S.Ct. 280, 283-84 (1924)(warrantless search and seizure valid when probable cause exists based upon reasonable belief arising out of circumstances known to officers such that a vehicle contains contraband). A canine was brought to the scene and the dog alerted to a controlled substance in the back seat. Further search let to the discovery of a plastic bag containing a white substance that field tested positive for cocaine.[3] Plaintiff Joseph Johnson was arrested at the scene and was subsequently indicted on federal drug charges. In the federal criminal proceeding[4] Johnson moved to suppress evidence obtained by search and seizure. Hearing was held on the motion; a report and recommendation was issued by the Magistrate Judge, therein recommending that the motion to suppress be denied;[5] and an Order denying the motion to suppress was issued by the District Court.[6]

---

[2] Plaintiff's Motion in Opposition to Motion to Dismiss, Exh. A., Report of Investigation, para. 10.

[3] Plaintiff's Motion in Opposition to Motion to Dismiss, Exh. A., Report of Investigation, para. 10.

[4] Declaration of Patricia Cangemi, Exhibit C.

[5] Id., Exhibit E. The Report and Recommendation did not contain findings of fact or conclusions of law with respect to search and seizure, but did expressly state that the recommendation was based upon "the agreement of the parties that probable cause existed to stop and search the

Johnson subsequently pled guilty to charges contained in the indictment, and he was sentenced to two concurrent 144 month prison terms.[7]

Plaintiff commenced this civil action in February 2005, and a second amended complaint was filed with the Court and served on defendants in June 2005. The second amended complaint alleges violations of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and contains monetary claims for compensatory and punitive damages. Defendant Steinkamp now moves for dismissal or summary judgment on grounds that the court lacks jurisdiction over the subject matter, he was not properly served, the complaint fails to state a claim upon which relief can be granted, he is entitled to qualified immunity protections, and the claims arising out of the underlying stop and search are barred by collateral estoppel and the ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).

**Standard of Review**

Defendants move for dismissal based upon lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), as well as insufficiency of process under Fed. R. Civ. P. 12(b)(5) and Rule 12(b)(2)(lack of jurisdiction over the person). Alternatively, defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.

---

vehicle [Joseph Johnson] was in."

[6] Id., Exhibit F.

[7] Id., Exhibit C.

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the defendant must successfully challenge the complaint either on its face or through an attack on truthfulness of the factual allegations. Ringsred v. City of Duluth, 187 F.Supp.2d 1141, 1153 (D. Minn. 2001). In a facial challenge to subject matter jurisdiction the fact allegations are accepted as true and court merely asks whether jurisdiction exists under the circumstances. Id. (citing Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998) and Berkovitz v. United States, 486 U.S. 531, 540, 108 S.Ct. 1954 (1988)). In a challenge to jurisdiction under Rule 12(b)(1) the court may consider matters outside the pleadings. Id. (citing Deuser v. Vecera, 139 F.3d at 1191 n.3).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957)). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762.

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Rule 56 motion for summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be

5

decided.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).  In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts.  The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).  Fed. R. Civ. P. 56(e).  Pro se pleadings are held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972).  However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions.  Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

In this case both the defendant and the plaintiff have presented written argument accompanied by affidavits along with attachments and exhibits.  However, documents submitted by defendant which are pertinent to the present motion consist of pleadings in this action that are already part of the record along with materials contained in the court record in an underlying criminal action,[8] including a docket report, the indictment, a report and recommendation on suppression issues, the

---

[8] United States v. Johnson, United States District Court, District of Minnesota, Criminal File No. 99-179 JMR/FLN.

order adopting the report and recommendation, and a plea agreement and sentencing stipulation. Documents that are part of the court's own record are subject to judicial notice, whether the materials are part of the record in the case at hand or contained in the record in an underlying proceeding. Hood v. United States, 152 F.2d 431, 433-35 (8th Cir. 1946). In light of the above-described documents which are judicially noticed and therefore are not submissions outside the record, this matter will be considered and decided as a Rule 12 motion to dismiss, without recourse to Rule 56 summary judgment and review of extraneous evidence to determine whether a genuine issue of material fact exists.

**Discussion**

**Qualified Immunity.**  The federal defendant in this action has moved for summary judgment on qualified immunity grounds.  The doctrine of qualified immunity protects a defendant from liability for alleged misconduct which he reasonably believed to be lawful or which was not clearly established as unlawful at the time the conduct occurred.  The Supreme Court has long held that a government official sued in his or her individual capacity "may assert personal immunity defenses, such as objectively reasonable reliance on existing law."  Hafer v. Melo 502 U.S. 21, 25; 112 S.Ct. 358, 362 (1991).  Thus, government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for monetary damages.  Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The qualified immunity defense protection to all but the plainly incompetent or those who knowingly violate the law.  Burns v. Reed, 500 U.S. 491, 111 S.Ct. 1934, 1944 (1991).  Qualified immunity is immunity from suit rather than a

mere defense and should be decided by the court long before trial, though the plaintiff is given the benefit of all relevant inferences on summary judgment, and a party is not entitled to summary judgment on qualified immunity grounds where genuine dispute exists concerning predicate facts material to the issue. Wiegand v. Spadt, 317 F.Supp.2d 1129, 1137 (D.Neb. 2004)(citing Pace v. City of Des Moines, 201 F.3d 1050, 1056 (8th Cir. 2000)). "Predicate facts" consist of only the relevant circumstances and the acts of the parties themselves, and do not include the conclusions of others with regard to the reasonableness of those actions. Wiegand at 1137 n.3 (citing Pace, 201 F.3d at 1056).

Defendant in this matter argues that as a matter of law there can be no determination that plaintiff's constitutional rights were violated with respect to the search and seizure that is now challenged. Consequently, there can be no liability for violation of those constitutional rights. Plaintiff contends that his rights under the Fourth, Fifth, and Fourteenth Amendments were indeed violated as a result of Steinkamp's actions; that the defendant must show that plaintiff has not adequately alleged a constitutional violation or that the law was not clearly established at the time of the alleged violation; and that Steinkamp is not entitled to qualified immunity in the absence of an appropriate showing.

Plaintiff puts forth the ruling in Burns v. Reed, 500 U.S. 491, 111 S.Ct. 1934, 1942-44 to support his proposition that prosecutors are not immune from liability with respect to acts of providing legal advice to the police. The holding in Burns however relates to a claim of absolute immunity which is not an immunity being asserted by defendant Steinkamp. In that case the Supreme Court expressly noted that prosecutors are in fact protected by qualified immunity in the absence of plain incompetence or knowing violation of the law. Id., 111 S.Ct. at 1944.

The analysis of a qualified immunity claim involves a two-step inquiry in which the court must first determine whether facts asserted by the plaintiff show that a constitutional right was violated. Powell v. Johnson, 405 F.3d 652, 655 (8th Cir. 2005). If not, qualified immunity applies. If yes, the court must decide whether the right was clearly established. Id. Unless plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal even before the commencement of discovery. Gainor v. Rogers, 973 F.2d 1379, 1383 (8th Cir. 1992). In the present action the plaintiff alleges that defendant Steinkamp gave legal advice to police officers regarding a vehicle search and seizure and that his actions were in violation of his constitutional rights. Though the second amended complaint contains a general description of events and discusses facts surrounding the vehicle stop, including communications between officers and defendant Steinkamp and the search and seizure of property, plaintiff's claim against Steinkamp essentially relies upon the mere allegation that the search and seizure was unreasonable, and he has neither submitted nor alleged particular facts to support such a claim. It is arguable that facts supporting plaintiff's claims could be revealed in discovery, thereby precluding pre-discovery dismissal on qualified immunity, except that the record in this matter contains predicate facts which establish as a matter of law that plaintiff has no basis for an unreasonable search and seizure claim. Plaintiff Johnson had an opportunity to challenge the legality of the search and seizure in the underlying criminal action. He filed a motion to suppress search and seizure evidence which came before the magistrate judge for hearing. The court was advised that the parties agreed that probable cause existed for the vehicle stop as well as the subsequent vehicle search, and the court therefore recommended that the motion to suppress evidence be denied. The defendant, Mr. Johnson, filed no objections to the report and

recommendation and the motion was denied by Order from the District Court dated September 1, 1999.  Under these circumstances the court can envision no set of facts that would be sufficient to establish a constitutional violation relating to legal advice on the search and search that was provided to officers by defendant Steinkamp.  As a matter of law plaintiff cannot show that he was subjected to unreasonable search and seizure and he cannot prevail on a claim of constitutional violation in that regard.  Defendant Steinkamp is entitled to qualified immunity from monetary damages in his individual capacity and claims against him should therefore be dismissed.

**Heck v. Humphrey.**  Defendant Steinkamp also moves for dismissal on grounds that the case is an impermissible challenge to the criminal conviction and is therefore barred under the ruling in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  In that case the court expressly stated that civil rights actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.  Id.   Plaintiff Johnson insists that the present action does not represent an attack on the criminal conviction and contends that his suit for damages based upon an allegedly unreasonable search is an example of a case that should be allowed to proceed under Heck v. Humphrey, 114 S.Ct. at 2372-73 n.7.  Plaintiff's argument is disingenuous and his reliance upon footnote 7 is misplaced.  A determination in this civil case that the search of the vehicle occupied by Mr. Johnson was conducted in violation of his constitutional rights would place the suppression order and conviction into question, even in the absence of any recourse in the criminal case.  Footnote 7 indicates that a civil suit for damages based upon an unreasonable search might be permissible if evidence obtained in an unlawful search was received at the criminal trial as the result of doctrines such as independent source or inevitable discovery, or the receipt was harmless error, but in those instances

10

the criminal suppression ruling on the legality of the search itself is not under attack.  Plaintiff Joseph Johnson's second amended complaint expressly alleges that defendant Steinkamp provided legal advice to officers which resulted in his being subject to an unreasonable search and deprivation of property without due process of law.  This claim is a direct attack on the explicit determination, based upon agreement of the parties in the criminal action, that probable cause existed for the vehicle stop and subsequent search.  Under these circumstances the claims against defendant Steinkamp are barred under the Heck v. Humphrey, ruling and the case should be dismissed with respect to this defendant.

**Failure to State a Claim.**  Defendant Steinkamp has also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff simply contends that his complaint satisfies the requirements that it allege a deprivation of constitutional rights and that the offending action was done by a person acting under color of state law.  The grounds for defendant's motion to dismiss for failure to state a claim are essentially that plaintiff has not stated at claim because the defendant is protected by qualified immunity, the action is barred under Heck v. Humphrey, and as a matter of law there was no violation of plaintiff's constitutional rights as to the stop and search, particularly considering this defendant's non-involvement in the stop itself, and in light of the reasonableness of the search.  For reasons stated above with respect to immunity and application of the Heck v. Humphrey ruling, plaintiff has failed to state a claim upon which relief could be granted, and defendant Steinkamp's motion for dismissal pursuant to Rule 12(b)(6) should be granted.


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for

each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before November 23, 2005.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.